**FA'ALUA HARRIS, Petitioner**

**v.**

**COMMISSIONER OF THE AMERICAN SAMOA
GOVERNMENT
WORKMEN'S COMPENSATION COMMISSION, Respondents**

**VCS SAMOA PACKING COMPANY,
Real Party in Interest.**

High Court of American Samoa
Trial Division

CA No. 45-95

January 9, 1996

Before KRUSE, Chief Justice, BETHAM, Associate Judge, and
SAGAPOLUTELE, Associate Judge.

Counsel:      For Petitioner, Marshall Ashley
For Respondents, Henry W. Kappel, Assistant Attorney
General, William Kabeisman, Assistant Attorney
General
For Real Party in Interest, Roy J.D. Hall, Jr., Esq.

Order on Petition for Review:

# I. INTRODUCTION

Petitioner Fa'alua Harris (hereafter "Harris") was employed as a fish cleaner by VCS Samoa Packing Company ("Samoa Packing") from April 1989 to February 1990. She was one of many employees who processed the cooked fish for canning. She resigned in February 1990, apparently to take care of her sick husband. Nearly two years later, she filed a claim with the Workmen's Compensation Commission ("the Commission") for dermatitis on her feet which she claimed she developed while employed at Samoa Packing.

The Commission issued an order on March 24, 1995, concluding that "[Harris'] illness was not related to her employment with [Samoa Packing]." Findings Fact, Concls. & Order, WCC No. 29-91, at 4 (Mar. 24, 1995) (hereinafter "Findings"). The Commission denied her workmen's compensation benefits.

We note jurisdiction to review orders of the Commission under A.S.C.A. § 32.0652. The primary question upon review is whether the Commission appropriately applied the presumption of A.S.C.A. § 32.0642 that a claim falls within the coverage of the workmen's compensation laws.

# II. DISCUSSION

## A. Presumption in Harris' Favor

In order to prevail on a workmen's compensation claim, a claimant must show that her injury or illness "ar[ose] out of and in the course of employment." A.S.C.A. § 32.0520. Once a claimant has shown the existence of an illness and an employment relationship, a presumption arises that the claim lies within the coverage of the workmen's compensation laws. *Star-Kist Samoa, Inc. v. Workmen's Compensation Commission*, 7 A.S.R.2d 149, 151 (Trial Div. 1988); A.S.C.A. § 32.0642(1). The employer then has the burden of showing by substantial evidence that the illness did not arise from employment. *Star Kist*, 7 A.S.R.2d at 151. Substantial evidence means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

The Commission found the existence of an illness and an employment relationship at the time the illness arose. *See* Findings at 2, 4. Thus a

148

presumption arose, as a matter of law, that Harris' illness is covered by workmen's compensation. The Commission went on to find that there was substantial evidence presented to overcome this presumption. *See id.* at 4. Unfortunately, the Commission did not indicate what that substantial evidence was.

## B. Standard of Review

■ In reviewing the Commission's order, we are required to look for substantial evidence supporting the order. *See Continental Ins. Co. v. Workmen's Compensation Commission*, 8 A.S.R.2d 152, 155 (App. Div. 1988). In this context, the substantial evidence test "is limited to whether a reasoning mind reasonably could have reached the factual conclusion the agency reached. This need not and must not be either judicial fact-finding or a substitution of judicial judgment for agency judgment." *Id.* (internal quotation marks omitted).

With this in mind, we are presented with two, not necessarily sequential, tasks. First, we must review the Commission's findings of fact to ensure that they were supported by substantial evidence in the record. Second, we must look to the record *in light of these findings* to see if there was substantial evidence to overcome the presumption in Harris' favor.

## C. Findings of Fact

Without need for present elaboration, we find that the Commission's findings of fact are all supported by substantial evidence in the record. *See* Findings at 2, 4. This does not end our inquiry, however. We must also determine whether the findings constituted substantial evidence to overcome the presumption in Harris' favor. We refer to specific findings of fact below, when they are important.

## D. Substantial Evidence to Overcome the Presumption

The problem with the Commission's order is that its conclusion--that the presumption was overcome by substantial evidence--simply does not follow from its findings of fact. Not only does the Commission fail to explicitly tell us what evidence overcomes the presumption, its findings of fact do not even intimate what evidence overcomes the presumption. Samoa Packing contends that the record presents five sets of evidence which overcome the presumption. *See* Samoa Packing's Resp. Br. at 10-12. None of these is persuasive.

First, Samoa Packing contends that the presumption is overcome because, when Fa`alua resigned, she stated that she was resigning "to take care of a very sick husband." Contrary to Samoa Packing's

assertion, this has absolutely no bearing on when or how Harris' illness arose. Furthermore, the Commission explicitly found that Harris' illness arose during her employment at Samoa Packing. *See* Findings at 2, 4. This finding is substantially supported by the record.

Second, Samoa Packing points to the fact that Harris did not file her claim until 22 months after her resignation and that she continues to suffer from her illness 5 1/2 years after her resignation. Her delay in filing is apparently offered to indicate that the illness arose after Harris' resignation. As we stated above, the Commission explicitly found otherwise.

The long-term suffering is offered to show that, had Harris' illness been caused by something at Samoa Packing, her long-term separation from her job should have caused her symptoms to subside. Therefore, Samoa Packing argues, the cause must have been external to Samoa Packing. The Commission made no explicit finding on what caused Harris' illness, or whether long-term separation from the causal agent should have caused her illness to subside. However, the only doctor testifying at the hearing, Dr. Tosi, stated that due to a bacterial infection afflicting Harris, she would continue to suffer from her illness indefinitely, regardless of her contact (or lack thereof) with the initial causal agent. The medical records of Dr. Grekin from the Straub Clinic in Hawaii, offered to the Commission, do not clearly pinpoint the cause of Harris' illness, although they indicate that it could be many things, including her shoes, fish juice, or ammonia. The testimony of the doctors is, at best, equivocal on this issue. The cause of an illness is often difficult to pinpoint in an employment context. This is the precise reason why the legislature has enacted the presumption in favor of the worker. Dr. Grekin's *possible* alternative causes is not substantial evidence which will overcome the presumption.

Third, Samoa Packing argues that Harris indicated that her illness existed prior to her employment. While she made statements to this effect during her testimony, it appears that she misunderstood the questions being asked, as she had at other times during her testimony. The Commission apparently agrees, and explicitly found that her illness arose during her employment. *See* Findings at 2, 4. As we stated above, this finding is supported by substantial evidence.

Fourth, Samoa Packing points to the testimony of Eteuini Augafa, the Land Sanitation Manager at Samoa Packing, to the effect that the floors were kept clean, that Harris stood on a platform off the floor, that her shoes didn't get wet, and that water and scraps didn't fall on the floor. According to Samoa Packing, "The Commission was well within its discretion to favor [Augafa]'s testimony and discount [Harris'] on this

150

point." Samoa Packing's Resp. Br. at 11. We agree that the Commission would have been within its discretion to do so. In fact, it did exactly the opposite, finding that "[t]he floor of the working area where [Harris] and other fish cleaners worked was always wet and that sometimes [her] shoes . . . were wet from fish juices and water, dripping onto their shoes, and also to the floor . . . ." Findings at 3. This finding does not overcome the presumption, it supports it.

Finally, Samoa Packing contends that because Harris continually contacted the fish with her hands, she should have developed dermatitis there also. The Commission made no finding of fact in this regard. There is no medical testimony on this issue in the record. There is also no testimony on whether Harris wore gloves or how often she washed her hands. Quite frankly, there is no evidence on this issue, and no evidence cannot be substantial enough to overcome the presumption.

Thus, none of Samoa Packing's arguments are persuasive. Where there is evidence in the record to support Samoa Packing's contentions, the Commission often made findings in direct opposition to that evidence. As we said, these findings are supported by substantial evidence at other places in the record, and must be upheld. For other of Samoa Packing's contentions, there is no evidence in support or the evidence is equivocal.

It is unclear how the Commission reached its conclusion. What is clear, however, is that the record, construed in light of the Commissions findings of fact, does not support that conclusion. It appears that the Commission has either misunderstood the presumption's effect on the onus of proof or it has, intentionally or not, simply paid lip-service to the presumption, rather than giving it the full evidentiary weight which is required by law.

### III. CONCLUSION

The conclusions of the Commission that the presumption in Harris' favor was overcome by substantial evidence and that her illness was not related to her employment are clearly in error. Accordingly, we remanded this proceeding to the Commission with the mandate to change conclusions 4 and 5 of its order so that they are in Harris' favor, in accordance with the requirements of A.S.C.A. § 32.0642. The Commission shall then proceed to make determinations concerning the time period and amount of workmen's compensation benefits to which Harris is entitled.

It is so ordered.